UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas Roberts, | No. 2:24-cv-01155-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| Pacific Woodtech Corporation, et al., | |
| Defendants. | |

Defendant Pacific Woodtech Corporation removed this action from state court based on its allegation that the parties are diverse and the amount in controversy exceeds $75,000. *See generally* Not. Removal, ECF No. 1. Plaintiff Thomas Roberts contests Pacific's allegations about the amount in controversy and moves to remand the case to state court. As explained in this order, Pacific has not shown, as it must in response to Roberts's motion, that the amount in controversy exceeds $75,000, so the **motion to remand is granted**.

I.  BACKGROUND

Pacific manufactures engineered wood products, such as beams, headers and studs. Compl. ¶ 15, ECF No. 2-2. Roberts worked for Pacific as a forklift operator in Red Bluff, California for more than twenty years. *Id.* ¶ 16. He alleges Pacific did not always pay him for his work and did not accurately record his time. *See id.* ¶¶ 18–23. In addition to a broad allegation that Pacific required him to work "off the clock," he alleges Pacific deprived him of

1

compensation by "unevenly" rounding off his timekeeping entries to the nearest 15-minute interval. *See id.* ¶¶ 19–22. He also alleges he was not paid for his overtime hours, and he alleges Pacific illegally excluded the bonuses, commissions and other types of pay he ordinarily earned when it calculated his overtime rate and sick pay. *See id.* ¶¶ 23–30. Finally, he alleges Pacific did not offer him meal and rest breaks, as required by California law, *see id.* ¶¶ 31–36, and he seeks penalties for inaccurate wage statements and unpaid wages, *see id.* ¶¶ 37–40.

Roberts originally filed this case in California Superior Court. He proposed a class action on behalf of himself and other similarly situated Pacific employees. *See id.* ¶¶ 41–48. Pacific removed the action to this court based on the diversity jurisdiction statute, 28 U.S.C. § 1332. *See* Not. Removal ¶ 1. Although Roberts had proposed a class action, Pacific did not rely on the specialized removal rules added to § 1332 by the Class Action Fairness Act of 2005. *See* 28 U.S.C. § 1332(d). It relied instead on the general requirements of § 1332(a): complete diversity and more than $75,000 in controversy. *See* Notice of Removal ¶ 9; 28 U.S.C. § 1332(a)(1).

No one disputes the parties are completely diverse. Pacific alleges without contradiction that it is incorporated in Washington state, which is also its principal place of business. *See* Notice of Removal ¶¶ 11–12. Everyone also agrees Roberts is a California citizen. *See id.* ¶ 10; Compl. ¶ 9. What Pacific and Roberts dispute is whether his individual claims—those he asserts on his own behalf rather than on behalf of any proposed class—place more than $75,000 in controversy. Roberts's complaint does not identify any particular sum, and he does not quantify his damages. Pacific inferred from his allegations and from its own records that his individual claims put more than $60,000 in dispute, and with the addition of his requests for restitution, prejudgment interest, and attorneys' fees, Pacific alleges the amount in controversy is larger than $75,000. *See* Notice of Removal ¶¶ 22–26; Compl. at 20–21 (prayer for relief). Roberts disagrees and as noted moves to remand the case to the state court. *See generally* Mot. Remand, ECF No. 12. Pacific opposes the motion. *See generally* Opp'n, ECF No. 14. The court submitted the case without holding a hearing. *See* Min. Order, ECF No. 15.

2

## II. LEGAL STANDARD

"State courts enjoy a 'deeply rooted presumption' that they have jurisdiction to adjudicate all claims arising under state or federal law." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (quoting *Tafflin v. Levitt*, 493 U.S. 455, 459 (1990)). Federal courts, by contrast, are courts of "limited jurisdiction" that cannot act "without constitutional and statutory authorization." *Id.* For that reason, federal courts ordinarily "construe the removal statute against removal jurisdiction." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021). They "exercise 'prudence and restraint' when assessing the propriety of removal because 'determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system.'" *Hansen*, 902 F.3d at 1057 (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 810 (1986)).

When a plaintiff contests a defendant's allegations about the amount in controversy, it is the defendant's burden to prove those allegations by the preponderance of the evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). This does not mean a defendant must make its opponent's case, prove its own liability, or predict what damages a jury will award. *See Harris*, 980 F.3d at 701; *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022). By the same token, a plaintiff cannot refute a defendant's evidence by enumerating the obstacles in its own path to a full recovery. *See, e.g.*, *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015). Nor must district courts perform detailed statistical or mathematical computations to resolve disputes about the amount in controversy. *Harris*, 980 F.3d at 701. The amount in controversy is not the probable value of the defendant's liability. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). It is simply the amount at stake in the case: the value of the relief the court could grant if the plaintiff eventually prevails. *See Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761–62 (9th Cir. 2023).

A defendant may rely on assumptions when it attempts to show more than $75,000 is in dispute. *Id.* Assumptions are often inescapable. *See Jauregui*, 28 F.4th at 993. But any

1  assumptions a defendant makes must be reasonable. *Harris*, 980 F.3d at 701. They "cannot be
2  pulled from thin air." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

3  **III.   DISCUSSION**

4        Pacific has not carried its burden to show the amount in controversy exceeds $75,000.
5  First, Pacific incorrectly assumes Roberts can obtain liquidated damages for unpaid overtime
6  compensation under California Labor Code § 1194.2(a). *See* Not. Removal ¶ 19 ("Plaintiff would
7  be conservatively entitled to approximately . . . $160.38 per bi-weekly pay period in unpaid
8  overtime wages and liquidated damages."); Opp'n at 7 ("Plaintiff would be entitled to an
9  additional . . . $80.19 per pay period in unpaid overtime wages as liquidated damages."). Under
10 section 1194.2, "an employee shall be entitled to recover liquidated damages in an amount equal
11 to the wages unlawfully unpaid and interest thereon," but employees may not recover "liquidated
12 damages for failure to pay overtime compensation." Cal. Lab. Code § 1194.2(a). For that reason,
13 Pacific's estimate overstates the amount in controversy by $8,339.76 at least.

14       Second, Pacific interprets Roberts's complaint as alleging he worked overtime without
15 receiving any compensation whatsoever. *See* Not. Removal ¶ 19 (assuming Roberts is seeking
16 "two (2) hours of unpaid overtime wages per pay period"). Roberts does not allege Pacific paid
17 him nothing for his overtime hours; he alleges Pacific miscalculated his overtime rate and paid
18 him his standard hourly rate when it should have paid him at an overtime rate. *See* Compl. ¶ 58
19 ("Defendant caused Plaintiff to work overtime and hours but did not compensate Plaintiff or
20 members of the Overtime Subclass at one and one-half times their 'regular rate of pay' for such
21 hours."); Mot. Remand at 6 (describing complaint as alleging "Defendant failed to pay minimum
22 wages and overtime due to the improper calculation of the 'regular rate of pay,' which is not an
23 allegation of unpaid hours, but rather an incorrect overtime rate"). This means Pacific's estimate
24 of allegedly unpaid overtime should be reduced by at least two-thirds, from 1.5× his regular rate
25 to 0.5× his regular rate, to ensure the estimate includes only unpaid overtime premiums. This
26 further reduction takes the maximum potential value of Roberts's overtime claim from $8,339.76
27 to $2,779.92. *See* Opp'n at 6–7. With this further reduction, Pacific's estimate of the amount in

controversy for Roberts's Labor Code claims falls from $60.453.81 to $46,554.21. *See* Not. Removal ¶ 22.

Pacific does not offer estimates or evidence to show Roberts's remaining claims and requests for relief would suffice to drive the amount in controversy beyond $75,000. Pacific contends only that Roberts will be entitled to significant attorneys' fees, perhaps even more than $75,000 in fees alone. *See* Not. Removal ¶ 25. Roberts's counsel has stated his fees are equal to $3,510 to date. It might be reasonable to assume attorneys' fees will be 25 percent of the total potential damages. *See Arias v. Residence Inn v. Marriott*, 936 F.3d 920, 928 (9th Cir. 2019). In any event, fees equal to even a third of the total amount in controversy would be only about $15,000. The court thus assumes for purposes of this order that Roberts's individual claims put an additional $15,000 in controversy. Any larger fee estimate would be speculative on this record. With that addition, Pacific would have shown approximately $62,000 is in controversy. Because that sum does not exceed $75,000, Pacific has not carried its burden to show this court has jurisdiction over this action.

## IV. CONCLUSION

The court **grants** the motion to remand and **remands** this action to the Superior Court of the State of California for the County of Tehama.

IT IS SO ORDERED.

DATED: November 14, 2024.

_____
UNITED STATES DISTRICT JUDGE